Dear Judge Moore:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1. Are misdemeanor probation officers clothed with the authority to make arrests of probationers, once a warrant has been signed by the judge that originally placed the defendant on probation?
 2. Are misdemeanor probation officers authorized to carry a firearm in connection with their official duties in the field?
 3. Are probation officers, as employees of the court, protected by judicial immunity in the event that a claim is brought by a probationer who might be injured in some manner as a consequence of an arrest or other contact with the probation officer?
LSA-R.S. 15:574.8 provides:
 "Incidental to the supervision of parolees, parole officers shall be deemed to be peace officers."
La. C.Cr.P. art. 899(F) likewise states that probation officers are deemed to be peace officers incident to their supervision of probationers. La. Attorney General Opinion No. 83-226 explained this language. This office stated in that opinion that probation and parole officers are entitled to act as peace officers only during instances concerning probationers and parolees. These statutory provisions do not allow probation and parole officers to act as peace officers in regard to the entire public citizenry. As the above mentioned Attorney General Opinion states, incident to their supervisory duties, probation officers and parole officers may make arrests, execute searches, serve warrants, and execute the laws of this State in regard to those they are supervising. This office concluded in that opinion that probation and parole officers are "peace officers" as provided for in LSA-R.S. 40:2402. Probation and parole officers, as peace officers, have the authority to arrest incident to performance of their duties during supervision of probationers and parolees.
In response to your second question, La. Attorney General opinion No. 85-352 recognized that pursuant to a probation officer's duty to maintain public peace and order, he can encounter hostile situations which could result in physical harm to the probation officer. Peace officers are allowed to carry weapons due to the danger they face. That opinion concluded that since probation officers function as peace officers in the course of their employment, they should be allowed to carry firearms. It is therefore the opinion of this office that probation officers may carry firearms incident to their employment duties.
Finally, you have asked if probation officers are clothed with judicial immunity. They are not. However, C.Cr. P. art. 899(F) provides:
 "They [probation officers] have all immunities and defenses now or hereinafter made available to sheriffs, constables and police officers in any suit brought against them in consequence of acts done in the course of their employment."
Therefore, the legislature has provided probation officers with the same immunities and defenses that have been given to peace officers. LSA-R.S. 46:2142 provides:
 "Any law enforcement officer reporting in good faith, exercising due care in the making of an arrest or providing assistance . . . shall have immunity from any civil liability that otherwise might be incurred or imposed because of the report, arrest or assistance provided."
This immunity provision applies to probation officers by virtue of C.Cr.P. art 899(F). C.Cr.P. art. 227.1 allows a law enforcement officer to use reasonable force to prevent a person under sentence or awaiting trial from escape from a prison, correctional facility, or physical custody of a law enforcement officer. This provision as well as any other immunities or defenses provided by the legislature to peace officers will apply to probation officers because of the language in C.Cr.P. art.899(F).
It is therefore the opinion of this office that, as peace officers, probation officers may arrest incident to the supervision of those they are assigned to supervise. As peace officers, probation officers may carry a weapon in connection with their official duties. Finally, by virtue of C.Cr.P. art.899(F), the legislature has given probation officers the same immunities and defenses that are available to peace officers.
If our office can be of any further assistance, Please do not hesitate to contact us. With kindest regards, I remain
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ Julie E. Cullen Deputy Director Criminal Division